UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL FLORES-BONILLA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | No. 2:26-cv-00710-DJC-JDP<br><br><br>ORDER |

Petitioner Miguel Angel Flores-Bonilla is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2). The Court has previously addressed the legal issues raised in Count 2 of the Petition. *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 202); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered Respondent to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 5.) Respondent agrees that "[t]here are no significant factual or legal issues in this case that materially distinguish it from this Court's prior Orders . . . other similar cases previously decided by this court." (ECF No. 7 at 1.) Neither party objected to the Court ruling directly on the merits of the petition.

Accordingly, as Respondent has not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2, for the reasons stated in those prior orders.[1]

Respondent is ORDERED to immediately release Petitioner Miguel Angel Flores-Bonilla from their custody.  Respondent shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondent is permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This Order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **March 11, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

2